**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

Gerald Clay Crockett,

Plaintiff,

v.

Ship's Cafe, LLC, a Florida Limited Liability Company, et al.,

Defendants.

Case No. 2:26-3820-RMG

**ORDER AND OPINION**

Before the Court is Defendant Peter Boinis' motion to dismiss for lack of personal jurisdiction. (Dkt. No. 9). Plaintiff opposes the motion. (Dkt. No. 13). For the reasons stated below, the Court grants Boinis' motion.

## I. Background

Plaintiff, a South Carolina citizen, alleges that while working as a dockhand at Safe Harbor Charleston City, he received an electrical shock and was injured while connecting power to Defendant Ship Café, LLC's vessel (the "Yacht"). Ship's Café is alleged to be a Florida limited liability company. (Dkt. No. 1-1 at 2-3). Defendant Boinis is alleged to be a member and owner of Ship's Café and a citizen and resident of Florida. (*Id.* at 2). Boinis is alleged to be "engaged in the management, ownership, and operation of the yacht." (*Id.*).

After this matter was removed to federal court, Boinis filed a motion to dismiss for lack of personal jurisdiction. In his declaration, Boinis affirms that he is the managing member of Ship's Café and that the sole/owner member of Ship's Café, LLC is "Peter P. Boinis, as Trustee of the Sixth Amendment and Restatement of the Peter P. Boinis Declaration of Trust u/a/d/ February 26, 2020." (Dkt. No. 9-2 at 1). Boinis affirms that Ship's Café owns the Yacht and that Boinis did not

own the Yacht at the time of the accident. (*Id.*). Boinis further affirms, in relevant part, that he was not in South Carolina at the time of the incident, that he has no office or place of business in South Carolina, and neither he nor Ship's Café have ever had an employee or agent in South Carolina. (*Id.* at 2-3) (noting "Neither I nor Ship's Café have ever been or had a registered agent for service of process in South Carolina."). Boinis further declares that the Yacht had a licensed captain at the time of the incident. (*Id.* at 2).

After granting Plaintiff an extension of time to respond to Boinis' motion, Plaintiff filed a two-page response in opposition. Plaintiff argues that there is specific personal jurisdiction over Boinis as "he is the registered agent for service for Ship's Café, LLC." *See* (Dkt. No. 13 at 1). Plaintiff cites no case law supporting this proposition. Plaintiff also contends that because it appears "Boinis is the sole decision maker relative to the yacht," he is subject to specific personal jurisdiction in South Carolina because he had "actual, direct, and purposeful contact with South Carolina." (*Id.* at 1-2).

Defendant's motion is fully briefed and ripe for disposition.

## II. Legal Standard

Under Rule 12(b)(2), a defendant must affirmatively raise a personal jurisdiction challenge, but the plaintiff bears the burden of demonstrating personal jurisdiction at every stage following such a challenge. *See Combs v. Bakker,* 886 F.2d 673, 676 (4th Cir. 1989). And a Rule 12(b)(2) challenge raises an issue for the court to resolve, generally as a preliminary matter. *Id.* ("[T]he jurisdictional question thus raised [under Rule 12(b)(2)] is one for the judge"). Indeed, only when a material jurisdictional fact is disputed and that fact overlaps with a fact that needs to be resolved on the merits by a jury might a court defer its legal ruling on personal jurisdiction to let the jury find the overlapping fact. *Cf. Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir.1982) (noting that,

"where the jurisdictional facts are intertwined with the facts central to the merits of the dispute," deferring resolution of that factual dispute to a proceeding on the merits "is the better view").

When the court addresses the personal jurisdiction question by reviewing only the parties' motion papers, affidavits attached to the motion, supporting legal memoranda, and the allegations in the complaint, a plaintiff need only make a *prima facie* showing of personal jurisdiction to survive the jurisdictional challenge. *Combs,* 886 F.2d at 676; *see also Mylan Labs., Inc. v. Akzo, N.V.,* 2 F.3d 56, 62 (4th Cir. 1993) (explaining how courts may consider affidavits from any party when applying the *prima facie* standard). When determining whether a plaintiff has made the requisite *prima facie* showing, the court must take the allegations and available evidence relating to personal jurisdiction in the light most favorable to the plaintiff. *See Combs,* 886 F.2d at 676; *Mylan Labs.,* 2 F.3d at 60. Ultimately, however, a plaintiff must establish facts supporting jurisdiction over the defendant by a preponderance of the evidence. *Combs,* 886 F.2d at 676 (noting that "the burden [is] on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence"). "And because defendants file Rule 12(b)(2) motions precisely because they believe that they lack any meaningful contacts with the forum State where the plaintiff has filed suit, the better course is for the district court to follow a procedure that allows it to dispose of the motion as a preliminary matter." *Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016).

Due process requires a defendant to have "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). The extent of the contacts needed for jurisdiction turns on whether the claims

asserted against a defendant relate to or arise out of the defendant's contacts with the forum state. *See ALS Scan, Inc. v. Digital Serv. Consultants, Inc.,* 293 F.3d 707, 712 (4th Cir.2002). If the defendant's contacts with the state are the basis for the suit, specific jurisdiction may exist. *Id.* In determining specific jurisdiction, the court considers "(1) the extent to which the defendant purposefully avail[ed] itself of the privilege of conducting activities in the State; (2) whether the plaintiff's claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Id.* (internal quotations omitted). Thus, the "constitutional touchstone" of specific personal jurisdiction "remains whether the defendant purposefully established 'minimum contacts' in the forum state." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

**III. Analysis**

Plaintiff argues there is specific personal jurisdiction over Boinis because he is Ship's Café's registered agent for service. Beyond the fact that Plaintiff cites no evidence to support this statement, the Court finds the assertion unavailing. Boinis being Ship's Café's registered agent for service—presumably in Florida given the information present in Boinis' declaration—does not create personal jurisdiction over him in South Carolina. *See* (Dkt. No. 9-2) (explaining Boinis' lack of contacts with South Carolina and that neither he nor Ship's Café have ever had a registered agent for service of process in South Carolina); *cf. Oppenheimer v. Mountaintop Golf & Lake Club, Inc.*, 730 F. Supp. 3d 203, 205 (E.D.N.C. 2024) ("Merely having an agent for service of process—without any further business dealings (such as having an office, bank account, real or personal property, warehouse, or local advertisements)—does not create personal jurisdiction.") (citing *Ratliff v. Cooper Labs., Inc.*, 444 F.2d 745, 748 (4th Cir. 1971)). The Court likewise rejects Plaintiff's argument that because Boinis is the managing member of Ship's Café he is subject to

personal jurisdiction in South Carolina. *See ePlus Tech., Inc. v. Ahoud*, 313 F.3d 166, 177 (4th Cir. 2002) (In assessing whether a non-resident corporate officer or agent is subject to personal jurisdiction in the forum state, the general contacts of the company "are not attributed to a corporate agent for jurisdictional purposes," but such a corporate agent may be subject to personal jurisdiction in the forum state if that individual "had sufficient contacts" with the state, "even if those contacts were made ostensibly on behalf" of the company."); *Crago v. Cap. Advantage Fin. & Dev., Inc.*, 242 F.R.D. 341, 346 (D.S.C. 2007) ("Generally speaking, a director or an officer of a corporation is not personally liable for the corporation's torts merely because of his position in the corporation. If, however, the officer or director participated in, authorized, or directed the tort, he or she is subject to personal liability.").

## IV. Conclusion

For the reasons set forth above, the Court **GRANTS** Defendant Boinis' motion to dismiss for lack of personal jurisdiction (Dkt. No. 9). **AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

November 10, 2026
Charleston, South Carolina